Ford, J. delivered the opinion of the court.
A verdict having teen found in this cause, against the *283] defendant, *he moves to set it aside on account of a misdirection to the jury. It is doubtful whether the cause was capable of trial for want of proper pleadings ; but if it was, I am convinced was a misdirection, and that arose' from the disordered state of the record. The declarations was on promises for goods sold and delivered, and to it there were three pleas ; the first was the general issue and joinder thereon ; the third was payment and issue thereon ; but the stress of the cause fell on the second plea, the substance of which was, that the supposed promises were for vinous, spiritous, and strong liquors, and other tavern expenses, above the value of two dollars, trusted and credited to the defendant at the plaintiff’s tavern in Chesterfield, where the defendant resided. To this plea the replication was double, the promises were not for vinous, spiritous, or strong liquors, or other tavern expenses; and further, that the defendant did not reside in the township; thus traversing two facts-set up in the plea, instead of only one of them, and not concluding to the country upon either of them, so there was no issue for a jury to try- On these pleadings the parties entered into the merits. It was clearly proved that the promises were for strong liquor and other tavern expenses, and that the defendant resided in the same township. On this the plaintiff insisted that the liquors were neither trusted nor credited, as alleged in the plea, but delivered in payment and satisfaction of a debt that was owing to the defendant. If this was true, it appeared to the court to disprove and overthrow the allegation contained in the plea that they were trusted to the defendant; and, therefore, the jury was *337 instructed that delivery in payment of a debt was not a trusting within the prohibition of the act; that a tavern keeper was not restrained from selling his liquors for cash, or delivering them in payment of a debt to any amount, but only from trusting them; and if they found that the tavern keeper was indebted to the defendant at the time, to the amount of the liquor, they might find that it was not trusted, as set up in the plea. This construction of the statute is certainly correct. But if the court consented to try tho cause upon the plea without an issue, the plaintiff should have been confined to the answers given to this plea in his replication, without allowing him to travel out of it and controvert the plea on a third ground not disclosed in his replication, and of * which the defendant had no [*28d previous notice or information in the pleadings. The plaintiff should have been permitted to maintain his replication and no more. T am, therefore, of opinion that the verdict ought to be set aside, without costs; and seeing the plea is proper, that the replication be stricken out, demurred to or amended, as may be deemed most proper, before the cause is sent down again for trial. Buie absolute.